UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

NORTHERN DIVISION

| | |
|---|---|
| Winfield Solutions, LLC, | |
| Plaintiff, | Case No. _____ |
| v. | |
| Lay Seed Farms, LLC, Robert A. Lay and Darla K. Lay, | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |
| Defendants. | |

For its Complaint against Defendants, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION<br>AND VENUE**

1.      Plaintiff Winfield Solutions, LLC ("Winfield") is a Delaware limited liability company.  Winfield's members are United Suppliers, Inc. and Winfield U.S. Holdings, LLC.  United Suppliers, Inc. is an Iowa corporation with its principal place of business located in Eldora, Iowa.  Under 28 U.S.C. § 1332(c)(1), United Suppliers, Inc. is a citizen of the State of Iowa.  Winfield U.S. Holdings, LLC is a Delaware limited liability company.  The sole member of Winfield U.S. Holdings, LLC is Land O'Lakes, Inc.  Land O'Lakes, Inc. is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota.  Under 28 U.S.C. § 1332(c)(1), Land O'Lakes, Inc. is a citizen of the State of Minnesota.  Because its members are citizens of the States of Iowa and Minnesota, Winfield is also a citizen of the States of Iowa and Minnesota.

2. Defendant Lay Seed Farms, LLC ("Lay Seed Farms") is a Missouri limited liability company. Lay Seed Farms' members are Defendants Robert A. Lay and Darla K. Lay, both of whom are citizens of the State of Missouri currently residing in La Belle, Lewis County, Missouri. Because its members are all citizens of the State of Missouri, Lay Seed Farms is also a citizen of the State of Missouri.

3. Defendant Robert A. Lay is, as stated above, a citizen of the State of Missouri currently residing in La Belle, Lewis County, Missouri.

4. Defendant Darla K. Lay is, as stated above, a citizen of the State of Missouri currently residing in La Belle, Lewis County, Missouri.

5. The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00.

6. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between Winfield, on the one hand, and the Defendants, on the other hand, and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

**A.    Account.**

8. Winfield is engaged in the business of producing and distributing crop inputs and protection products.

9. In 2016, Winfield partially merged with United Suppliers, Inc. ("United Suppliers"). As a result of the partial merger, United Suppliers' crop-protection product business merged into Winfield.

10. Since the merger, Winfield has conducted business as Winfield United.

11. Lay Seed Farms is engaged in the business of selling crop inputs to farmers in Missouri.

12. Lay Seed Farms is owned and managed by Defendants Robert A. Lay and Darla K. Lay (collectively "the Lays").

13. In or around 2003, Lay Seed Farms began purchasing crop inputs from United Suppliers on credit. Lay Seed Farms continued to purchase crop inputs from Winfield after the partial merger.

14. Over the years, Lay Seed Farms executed and delivered to United Suppliers various Credit Applications under which it agreed to timely pay United Suppliers' invoices. Lay Seed Farms further agreed to pay late charges on all past-due amounts at the rate of 1.5% per month or 18% per year and any attorney fees and costs incurred by United Suppliers in collecting any amounts due under its account. Lay Seed Farms' last Credit Application was submitted on or about March 17, 2015. A true and correct copy of Lay Seed Farms' March 17, 2015, Credit Application, redacted to omit confidential information, is attached to this Complaint as Exhibit A.

**B.    Security.**

15. In March 2007, the Lays executed and delivered to United Suppliers a Guaranty under which they absolutely and unconditionally guaranteed full payment all

3

amounts due by Lay Seed Farms to United Suppliers. A true and correct copy of the Lays' Guaranty is attached to this Complaint as Exhibit B.

16. In March 2007, Lay Seed Farms executed and delivered to United Suppliers two Security Agreements under which it granted United Suppliers a security interest in certain collateral, including inventory, accounts receivable, equipment, farm products and fixtures, and a purchase-money security interest in inventory supplied by United Suppliers to Lay Seed Farms and monies, accounts receivable and contract rights created from the sale of such inventory, and all products of and proceeds from any of the foregoing assets (collectively "the Collateral"). True and correct copies of Lay Seed Farms' Security Agreements are collectively attached to this Complaint as Exhibit C.

17. United Suppliers properly perfected its security interest and purchase-money security interest in the Collateral.

18. As a result of the merger, Winfield is the successor-in-interest to United Suppliers under the Credit Application, Guaranty and Security Agreements and is entitled to enforce those contracts.

**C.     Default.**

19. Lay Seed Farms failed to pay for certain products that it purchased and received from Winfield and United Suppliers from 2014 through 2016 ("the Products").

20. The net, unpaid balance due for the Products is $509,512.52. A true and correct summary of the unpaid invoices, payments and credits applicable to Lay Seed Farms' account is attached to this Complaint as Exhibit D. True and correct copies of the

unpaid invoices and credit statements are collectively attached to this Complaint as Exhibit E.

21. As of July 1, 2017, the net, unpaid balance due under the invoices for the Products had accrued late charges in the amount of $180,218.63. Late charges have accrued since July 1, 2017, and will continue to accrue in the future, at the rate of $247.26 per day. A true and correct Summary of Late Charges reflecting these amounts is attached to this Complaint as Exhibit F.

22. Winfield has incurred, and will continue in the future to incur, attorney fees, costs and disbursements to collect payment of the invoices for the Products. Winfield is entitled to recover its attorney fees, costs and disbursements under the terms of the Credit Application, Guaranty and Security Agreements.

23. Winfield has satisfied all conditions to the commencement and prosecution of this action.

**COUNT I**
**ACTION FOR THE PRICE**
**(LAY SEED FARMS)**

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

24. The Products constitute "goods" under the Uniform Commercial Code.

25. Lay Seed Farms received and accepted the Products.

26. Upon information and belief, Lay Seed Farms sold the Products to its customers.

5

27. Under Sections 2-607 and 2-709 of the Uniform Commercial Code, Winfield is entitled to recover the net, unpaid balance due under the invoices for the Products from Lay Seed Farms in the amount of $509,512.52. Winfield is also entitled to recover late charges up to and including July 1, 2017, in the amount of $180,218.63, and additional late charges at the rate of $247.26 per day from July 1, 2017, through the date of entry of judgment.

28. Under the terms of the Credit Application, Winfield is also entitled to recover its attorney fees, costs and disbursements.

## COUNT II
## BREACH OF CONTRACT
## (LAY SEED FARMS)

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

29. Lay Seed Farms contracted and agreed to pay the purchase price for the Products.

30. Lay Seed Farms breached its contractual obligations to Winfield by failing to pay the purchase price for the Products.

31. As a result of Lay Seed Farms' breaches, Winfield is entitled to recover the net, unpaid balance due under the invoices for the Products from Lay Seed Farms in the amount of $509,512.52. Winfield is also entitled to recover late charges up to and including July 1 2017, in the amount of $180,218.63, and additional late charges at the rate of $247.26 per day from July 1, 2017, through the date of entry of judgment.

32. Under the terms of the Credit Application, Winfield is also entitled to recover its attorney fees, costs and disbursements.

## COUNT III
## ENFORCEMENT OF GUARANTY
## (THE LAYS)

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

33. Under their Guaranty, the Lays absolutely and unconditionally guaranteed payment of all amounts due under the invoices for the Products.

34. Lay Seed Farm is in default on its contractual and payment obligations to Winfield.

35. Based upon Lay Seed Farms' defaults, Winfield is entitled to recover the net, unpaid balance due under the invoices for the Products from the Lays, jointly and severally, in the amount of $509,512.52. Winfield is also entitled to recover late charges up to and including July 1, 2017, in the amount of $180,218.63, and additional late charges at the rate of $247.26 per day from July 1, 2017, through the date of entry of judgment.

36. Under the terms of the Guaranty, Winfield is also entitled to recover its attorney fees, costs and disbursements.

## COUNT IV
## REPLEVIN

Winfield restates all of the foregoing paragraphs of this Complaint and further

states and alleges as follows:

37. Winfield has a valid and enforceable security interest and purchase-money security interest in the Collateral and any proceeds from the sale of the Collateral.

38. Lay Seed Farms is in default on its contractual and payment obligations to Winfield.

39. Under the terms of the Security Agreements, and under the law, Winfield has the right to immediate possession of the Collateral and any proceeds from the sale of the Collateral.

40. Winfield is entitled to an Order authorizing and directing the United States Marshal to seize and turn over to Winfield the Collateral and any proceeds from the sale of the Collateral pursuant to Sections 9-601 and 9-609 of the Uniform Commercial Code and V.A.M.S. § 533.010, et seq.

41. Under the terms of the Security Agreements, Winfield is also entitled to recover its attorney fees, costs and disbursements.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Winfield hereby demands a trial by jury.

**WHEREFORE**, Winfield respectfully prays for this Court's judgment as follows:

1. Awarding Winfield money damages against Lay Seed Farms and the Lays, jointly and severally, for the net, unpaid balance due under the invoices for the Products in the amount of $509,512.52;

2. Awarding Winfield late charges against Lay Seed Farms and the Lays, jointly and severally, up to and including July 1, 2017, in the amount of $180,218.63, and additional late charges at the rate of $247.26 per day from July 1, 2017, through the date of entry of judgment;

3. Authorizing and directing the United States Marshal to seize and turn over to Winfield the Collateral and any proceeds from the sale of the Collateral;

4. Awarding Winfield all of its attorney fees, costs and disbursements; and

5. Granting Winfield all such other and further relief as the Court deems just and equitable under the circumstances.

WINFIELD SOLUTIONS, LLC

Dated: July 28, 2017

By: s/ Jonathan C. Miesen
    Jonathan C. Miesen
    Associate General Counsel-Litigation

4001 Lexington Avenue North
Arden Hills, MN 55126
Telephone:  (651) 375-5985
Facsimile:   (651) 234-0535
E-mail: jcmiesen@landolakes.com

Attorney for Plaintiff